SORRELL & NALL *vs.* THE CENTRAL RAILROAD.

Under the act of 1878, the state fixes, through commissioners ap-
pointed therefor, just and reasonable rates of freight, and the sched-
ule of these ıates is made sufficient evidence, in all the courts of
the state, of the justness and reasonableness of the freights exacted
by the railroad companies, where charges of illegal freights are
brought against them and they are sued therefor. Rates within
those so fixed are not unreasonable. Therefore, where a suit was
brought against a railroad company on account of alleged over-
charges beyond a reasonable rate, but the declaration did not al-
lege either that no rates had been fixed for the defendant's road or
that the charges were beyond the rates so fixed, it was demurrable.

December 15, 1885.

Railroads. Railroad Commission. Actions. Carriers.
Before Judge STEWART. Spalding Superior Court. August
Adjourned Term, 1884.

Sorrell & Nall brought suit against the Central Railroad,
alleging that the defendant was a common carrier, and
bound to transport goods and property at reasonable rates;
that it had transported certain cotton for the plaintiffs
from Griffin to Savannah, but had charged unreasonable
and extortionate rates of freight, the amount of excess over
reasonable rates being $1,760.81, which the plaintiffs paid
under protest. The object of the suit was to recover this
amount.

On demurrer, the case was dismissed, because the dec-
laration did not show that the railroad commissioners of
the state had not fixed a rate on such transportation be-
tween the points named, or that, if fixed, it had been ex-
ceeded. The plaintiffs excepted.

BOYNTON & HAMMOND; BECK & BEEKS, for plaintiffs in
error, cited 1 Kelly, 524; Crittenden *vs.* Wilson, 5 Cowen,
165; 6 Bacon's Ab., 276; 5 Johns., 175; Schoul. Bail. &
Car., 335, 338; Code, §§719, 2069; 16 Fla., 625; H. L.
Cas., 511; 3 Taunt., 264; 4 Otto, 134; 2 Gray, 393; 1
Duval (Ky.), 146.

JOHN I. HALL, for defendant, cited Acts 1878–9, p. 127; 77 Ill., 443; Rorer R. Rs., p. 1371.

JACKSON, Chief Justice.

This case came before the superior court of the county of Spalding, on a demurrer to the plaintiffs' declaration, which demurrer was sustained, and the case dismissed, and thereupon the plaintiffs excepted.

The declaration alleged that the Central Railroad & Banking Company was indebted to the plaintiffs seventeen hundred and sixty dollars and eighty-one cents for overcharges beyond a reasonable rate, for the transportation of cotton from Griffin to Savannah. The demurrer was to the effect that no cause of action was set out therein, because, by statute law in this state, the railroad commissioners were required to fix reasonable rates for transportation of freight, beyond which these carriers should not go, and that this declaration did not allege either that no rates had been fixed between those points for the transportation of cotton, or that, if fixed, the rates charged in this instance exceeded the rates so fixed by the commission.

The dismissal of the declaration on this demurrer is the error assigned here.

By the act of 1879 (Acts 1878–9, p. 125), codified in section 719(e) of the Code, it is enacted that " the commissioners appointed as hereinbefore provided shall, as provided in the next section, make reasonable and just rates of freight and passenger tariffs, to be observed by all railroad companies doing business in this state on the railroads thereof."

By the same act, codified in the next section, 719(f), it is enacted that " the said railroad commissioners are hereby authorized and required to make for each of the railroad corporations doing business in this state, as soon as practicable, a schedule of just and reasonable rates of charges for the transportation of passengers and freights and cars

on each of said railroads; and said schedule shall, in suits brought against any such railroad corporations, wherein is involved the charge of any such railroad corporations for transportation of any passenger, or freight, or cars, or unjust discrimination in relation thereto, be deemed and taken in all courts of this state as sufficient evidence that the rates therein fixed are just and reasonable rates of charges for the transportation of passengers and freights and cars upon the railroads; and said commissioners shall, from time to time, as often as circumstances may require, change and revise said schedules."

Thus the statute law of this state fixes, through commissioners appointed therefor, just and reasonable rates of freight; and it makes the schedule of these rates evidence, and sufficient evidence of the justness and reasonableness of the freights exacted by the railroad companies, in all the courts of this state, where charges of illegal freights are brought against them and they are sued therefor.

Moreover, the same act, Code, §719(c), and §719(i), puts punishment and penalties upon the railroad companies, as for extortion, when these just and reasonable rates are violated by them.

It is to us clear, therefore, that no recovery for alleged over-charges of freight beyond reasonable rates can be had against a railroad company, unless those alleged over-charges go beyond the rates fixed by the commissioners; for the reason that the statute makes the rates fixed by the commissioners the only measure of what is just and reasonable to be used in all our courts, where complaint of over-charges for freight is made.

It follows from the principle that what is necessary to be proved in order to recover must be averred in the pleadings, that, inasmuch as to show that the rate charged is unreasonable in this case, it must be proved on the hearing, to entitle the plaintiffs to recover, that it goes beyond the rate which is made reasonable by law, to-wit, the rate fixed by the commission, therefore, the declaration

must contain the allegation that the rate complained of goes beyond what the commission said was reasonable. Then, and then only, in such a case, under our statute, do the *allegata* and *probata* agree, and then, and only then, does our statutory law allow a recovery from a railroad company for alleged unreasonable charges for freight.

The heavy penalties inflicted on the railroad companies for any charge beyond the rates fixed by the commission for freight, strengthen the construction we give. If these companies are thus punished by the statute for charging freight more than the commission fixes to be reasonable, surely nobody ought to be heard in court on a complaint of unreasonableness of freight rates charged by them without allegation and proof that those freight rates exceed the rates fixed by the same commission.

Unquestionably, if the suit were for the penalty, this conclusion would be inevitable, the penalty being in the statute, as was decided in 77th Ill., 443, cited by defendant in error. In real justice, applying the rules of analogy, if in such a suit for the penalty arising from an alleged overcharge, a declaration, without alleging that the rate charged is over that fixed by the commission, is demurrable, why should not one for damages other than the penalty be equally demurrable, for want of the same allegation? True that would be based on the statute itself; and so would this, inasmuch as no rate can in law be unreasonable, when charged by the railroad company, unless it be higher than what this statute makes reasonable and just. The conclusion is that the demurrer was properly sustained and the declaration rightly dismissed.

Judgment affirmed.