McGrew v. The Missouri Pacific Railway Company, *Appellant.*

Division Two, February 14, 1893.

Railroad: FREIGHT OVERCHARGES: PENALTIES: PLEADING. A petition in an action on section 2643, Revised Statutes, 1889, against a railroad to recover penalties for charging plaintiff unreasonable rates on coal shipped over its line is fatally defective, which fails to allege that the rates charged were in excess of those fixed by defendant and filed with the state board of railroad commissioners and posted in defendant's depots, or that the charges were in excess of the maximum rate fixed by the commissioners or by the statute.

*Appeal from Johnson Circuit Court.*—Hon. Chas. W. Sloan, Judge.

Reversed and remanded.

*H. S. Priest* for appellant.

(1) No cause of action is stated in the petition, and the objection to the introduction of testimony and the amount in arrest of judgment should have been sustained, and also the demurrers to the evidence. *Railroad v. Day*, 45 American & English Railroad Cases, 391; *Railroad v. Day*, 35 Fed. Rep. 873, 876; *Sorrel v. Railroad*, 75 Ga. 509; *Railroad v. Railroad*, 19 Fed. Rep. 679; *Railroad v. People*, 77 Ill. 443; *United States v. Stanton*, 2 Flippin, 319; *McConville v. Jersey*, 10 Voor. 41; *State v. Railroad*, 116 U. S. 307; *United States v. Sharp*, Pet. Rep. 118; *Ex parte Jackson*, 45 Ark.158. (2) The instructions given by plaintiff are erroneous because not warranted by the statute under which they pretend to have been framed. See authorities *supra*.

*Graves & Aull* for respondent.

(1) The petition stated a cause of action and there was no error in overruling the objection to the introduction of testimony, the demurrer to the evidence and the motion in arrest of judgment. "Act to regulate railroad corporations." Laws, 1887, Extra Session, pp. 15, 20; 1 Revised Statutes, 1889, secs. 2631, 2639, p. 667; 1 Revised Statutes, 1889, secs. 2643, 2644, p. 671; *Railroad v. People*, 77 Ill. 446; *Mumpower v. Railroad*, 59 Mo. 245; *Railroad v. Minnesota*, 134 U. S. 418; *State ex rel. v. Railroad*, 35 N. W. Rep. 118; *Rogers v. Hotel Co.*, 4 Neb. 58; *Railroad v. State*, 5 South. Rep. 843. (2) The instructions were properly given and are based directly upon the statute. There was no error in granting the same. Laws, Extra Session, 1887, sec. 10, p. 22; 1 Wood's Railway Law, sec. 206, p. 590; Redfield on the Law of Railways [6 Ed.] sec. 124, p. 460; *Parker v. Railroad*, 6 Exch. 702;

*Snowden v. Davis,* 1 Taunt. 359; *Atlec v. Barkhouse,* 3 M. & W. 633; *Spry v. Emperor,* 6 M. & W. 639.

BURGESS, J.—This is a suit to recover penalties for charging plaintiff unreasonable rates upon coal shipped by him over defendant's road from Myrick to divers other points on its road, to-wit, Kansas City, Levasy, Adams, Lexington and Independence, Missouri, during the years of 1887, 1888 and 1889. The petition contains two hundred and fifty-six counts for as many different causes of action, claiming in the aggregate as overcharges and unreasonable the sum of $2,198, and prays that these amounts be tripled, and in addition thereto a reasonable attorney's fee. The action is based upon sections 1 and 10 of an act of the legislature passed in 1887, entitled "An Act to Regulate Railroad Corporations." Revised Statutes, 1889, secs. 2631, 2643.

The first count is a sample of all of the other counts of the petition, the only difference being in the dates of shipment, the points from which the shipment was made, together with the variations in charge in the different shipments. It is as follows:

"Plaintiff states that heretofore, to-wit, on the fifth day of October, A. D. 1887, said defendant was and has ever since been and is now a railroad corporation and common carrier duly organized and doing business under and by virtue of the laws of the state of Missouri, and as such operating a line of railroad in said state known as 'Missouri Pacific Railway,' with its branches, and operating in connection therewith a railroad extending from the city of Sedalia, in Pettis county, Missouri, to Kansas City, in the state of Missouri, upon which Myrick, Levasy, Adams, Lexington and Independence are railroad stations; that the distance from said station of Myrick to Kansas City,

Missouri, is forty miles, from Myrick to Independence, Missouri, is thirty miles, from Myrick to Adams station, twenty-five miles, from Myrick to Levasy, thirteen miles, and from Myrick to Lexington, three miles.

"For cause of action, plaintiff further states that heretofore, to-wit, on the fifth day of October, 1887, the plaintiff delivered to the defendant in the cars of defendant, at said station of Myrick, two car loads of coal in car-load lots, weighing in the aggregate seventy-three thousand five hundred pounds, to be transported upon defendant's railroad from said station of Myrick to Kansas City, Missouri, which said coal was then and there duly received by the defendant for transportation as aforesaid, and was consigned to ——, at Kansas City, Missouri; that on the day and year last aforesaid, forty-five cents per ton was a just and reasonable rate and charge for the transportation of coal upon said railroad, from said station of Myrick to Kansas City, Missouri, when transported in car-load lots.

"That the defendant demanded and required plaintiff to pay and the plaintiff was compelled to pay and did pay to the defendant, the sum of $23.88, which was at the rate of sixty-five cents per ton for the transportation of said car-loads of coal aforesaid, from said station of Myrick to Kansas City, Missouri, contrary to the form of the statute in such cases made and provided; that said rate demanded of the plaintiff and received by the defendant, and which was paid by the plaintiff upon said freight, was unreasonable, unjust and extortionate, and by reason thereof, the plaintiff has suffered and sustained damage in the sum of $7.35; which he asks to be tripled by the court, and for three times the amount of which he asks judgment together with his costs including reasonable attorneys' fees."

The answer was a general denial.

When the trial began, defendant objected to the introduction of any evidence under the petition, on the ground that it did not state a cause of action, which objection being overruled, defendant excepted.

To support the issue the plaintiff offered the finding of the railway commissioners of this state, on the complaint of James C. McGrew and J. A. Sewall & Co., against the defendant company, to which the defendant objected.   The finding of the commissioners so offered was made on July 16, 1889, and fixed a rate of fifty-five cents per ton of two thousand pounds for transportation of coal in car loads from mines on the line of the Missouri Pacific railway, east of Kansas City, for all distances up to and including fifty-five miles, and established that rate to go into effect from and after July 27, 1889.   The complaint upon which this finding was based charged that forty-five cents was a reasonable rate for the transportation of coal under those circumstances.   Up to that time the railroad company had been charging, with the authority of the commissioners, a rate of sixty-five cents per ton for like service.

Plaintiff then offered a certified copy of Revised Schedules and classification of freights and tariffs adopted by the railroad commissioners to be in force on and after May 1, 1886, with a special reference to special class J, which comprised soft coal, common brick, sandstone, clay, cord wood, logs, unsawn fence posts, hoop poles and iron ore, which allowed fifty-five cents per ton in car loads for ten miles, sixty cents per ton in car loads for twenty miles, sixty-five cents per ton in car loads for thirty miles, seventy cents per ton in car loads for forty miles, and seventy-five cents per ton in car loads for fifty miles.

·The evidence tended to show that the expense of operating defendant's road for the years 1886, 1887, 1888 and 1889 was about the same, and to sustain generally the allegations in the various counts in the petition.

At the close of the evidence on the part of plaintiff defendant entered a demurrer to the evidence which was overruled, and exceptions saved.

There was a verdict for the plaintiff on each of the counts for the exact amount prayed for, which on motion was trebled, and the court, refusing the defendant a jury for the purpose of ascertaining the value of attorney's fee, assessed the value at $800, and entered judgment for the plaintiff for the aggregate sum of $7,247.84. Appellant then filed the usual motions for a new trial and in arrest, which being overruled, the case is brought here by appeal.

There were a number of instructions given on the part of plaintiff, and also a number refused that were asked by appellant, but as we think the result of the case depends upon the sufficiency or insufficiency of the petition, and the ruling of the court in refusing to sustain appellant's objection to the introduction of any evidence thereunder, it is not thought necessary to copy them in this opinion.

The contention of the appellant is that the petition does not state a good cause of action, inasmuch as it does not allege in either count that the rates charged by defendant were in excess of the maximum rates authorized by statute or in excess of the schedule of rates filed with the railroad commissioners, as required by section 2639, Revised Statutes, 1889, nor that the charge was in excess of a rate prescribed or established by the commissioners under the provisions of section 2641 of the statute.

By section 2631 of the statute all railways in the state are declared to be public highways and railway companies common carriers; that all charges made for services in the transportation of freight shall be reasonable and just, and all unreasonable and unjust charges for such services are prohibited and declared unlawful. Section 2643 gives a right of action against such carrier for doing any act or thing in said act prohibited, or declared to be unlawful, or for omitting to do anything inhibited thereby, and gives to the person injured three times the amount of damages sustained, to be recovered by suit in any court of any county or city having jurisdiction where the road is operated. The statute prohibits discriminations in accommodations among its customers—in long and short hauls and in any other manner; and also provides that it shall print and keep for inspection schedules showing the rates for freight which such carrier has established; that they shall be reasonable and just, and shall not in any case exceed the maximum rates which are or may hereafter be established by law. It also provides that copies of such schedules shall be posted in every depot or station upon the line of such railroad, and filed with the railroad commissioners of the state, and from the date of filing the rates, fares and charges specified in such schedules, shall not be in excess of any statutory maximum rates now or that may hereafter be in force; that they shall be deemed the established rates, fares and charges of such common carrier until the same is changed, as is by the act provided.

The plaintiff's cause of action accrued to him by virtue of a violation of the provisions of the statute which is penal in its character, and, to entitle him to maintain it, he must by the allegations in the petition show that his grievances come within its provisions. The petition nowhere alleges that the rates charged

were in excess of the rates fixed by the defendant and filed with the railroad commissioners, and posted up in the depots and stations along the line of its road, nor does it allege that the charges were in excess of the maximum rates fixed by the commissioners or by the statute. If then the schedule rates of defendant were posted up in its depots and stations and filed with the commissioners, the presumption is that the rates were approved by them, or if the commissioners had fixed the rates, or they were fixed by statute, then rates so fixed were not unreasonable, because authorized by the statute. In the case of *Sorrell v. Railroad*, 75 Ga. 509, under a statute almost exactly like the statute under consideration, where a suit was brought against a railroad company on account of alleged overcharges beyond a reasonable rate, it was held, that as the declaration did not allege either that no rates had been fixed for the defendant's road, or that the charges were beyond the rates so fixed, it was demurrable. So it was held, in the case of *Railroad v. People*, 77 Ill. 443, that it not being sufficient to charge a railway company under the statute with the penalty for charging unreasonable rates, on the ground that they were simply unreasonable and extortionate, without reference to the schedule of rates fixed by the railroad commissioners, a declaration in a suit to recover the penalty prescribed by statute was fatally defective, which failed to aver that a schedule of rates had been established as provided for in the statute, and that the defendant had charged in excess of those rates. To the same effect are the cases of *Railroad v. Dey*, 45 American & English Railroad Cases, 391, and *Railroad v. Dey*, 35 Fed. Rep. 679.

We are clearly of the opinion that the petition does not state facts sufficient to constitute a cause of action, and that the objection to the introduction of any evi-

dence under it should have been sustained. Judgment reversed and cause remanded. All of this division concur.