## KINNAVEY v. TERMINAL R. ASS'N OF ST. LOUIS.

### (Circuit Court, E. D. Missouri, E. D. June 14, 1897.)

#### No. 3,970.

1. CARRIERS—INTERSTATE COMMERCE ACT—UNREASONABLE CHARGES—PLEADING.

The schedule of rates required to be established, published, and filed with the commissioners by a common carrier, by the interstate commerce act, is, prima facie, the criterion in determining whether or not a given charge is unreasonable; and a petition to recover, under section 1 of such act, which fails to allege either that the defendant had no published schedule of rates, or that it charged plaintiff in excess of rates thereby fixed, is insufficient.

2. SAME—DISCRIMINATION—PETITION—AVERMENT.

A petition to recover under section 2 of the interstate commerce act is sufficient if it states facts which show the circumstances and conditions under which the defendant had charged plaintiff a given rate for transportation of freight, and alleges, in the language of the act, that for like services, under substantially similar circumstances and conditions, the defendant had charged another a less given rate, without alleging facts which show that the services

were alike, or rendered under substantially similar circumstances and conditions, or that plaintiff was charged more than the schedule rate.

F. A. Wind and C. G. B. Drummond, for plaintiff.
M. F. Watts, for defendant.

ADAMS, District Judge. The plaintiff sues the defendant as a common carrier engaged in interstate commerce, and predicates his right of recovery upon alleged violations of sections 1 and 2 of the act to regulate commerce, commonly known as the "Interstate Commerce Act." The petition charges, in effect, that the defendant, at certain periods stated, exacted from the plaintiff an unreasonable and unjust charge for carrying certain shipments of coal from East St. Louis, Ill., to St. Louis, Mo., and further charges that during the same period the defendant performed like service for the Consolidated Coal Company, a competitor of the plaintiff in the same business, in the transportation of coal under substantially similar circumstances and conditions, and charged to and collected from the said Consolidated Coal Company a less sum therefor than it exacted from the plaintiff, and thereby, as it is claimed, unjustly discriminated against the plaintiff, in violation of section 2 of said act. To this petition the defendant demurs on the ground that the same fails to state a cause of action.

It is argued for defendant that the object sought to be accomplished by the interstate commerce act was to establish and maintain uniform and reasonable freight charges, and to prevent unjust discrimination between shippers similarly situated. This seems to be a fair statement of the purpose of the act. Section 6 requires the carrier to print, and keep open to the public inspection at its stations, and file with the interstate commerce commission, schedules of its established rates and charges for transportation of freight, and prohibits any advance or reduction in such rates or charges without prior public notice, and further provides that it shall be unlawful for any carrier of interstate commerce to charge or receive from any shipper a greater or less compensation than that specified in the schedules. The rates so published and on file are the only legal rates the carrier can charge, and any variation from them subjects the carrier to the penalties of the act. Railway Co. v. Hefley, 158 U. S. 98, 15 Sup. Ct. 802. These rates, as published and filed, must therefore be, prima facie, the criterion in determining whether a given charge is reasonable or not. If the charge conforms to the schedule of rates, it is therefore, prima facie, reasonable. Under such circumstances, therefore, to state a cause of action based on section 1 of the act, there must be an averment either that the carrier failed to publish its schedule of rates, or that it charged in excess of the rates as published and then in force, and in either case that the charge as made was unreasonable, or an averment of other facts sufficient to do away with the prima facie effect of the schedule rate. Swift v. Railroad Co., 64 Fed. 59; Winsor Coal Co. v. Chicago & A. R. Co., 52 Fed. 716; McGrew v. Railway Co., 114 Mo. 211, 21 S. W. 463. I do not intend, by citing the Swift Case, supra, to express my approval of the proposition there elaborately discussed and maintained, that the citizens of the United

States who may voluntarily resort to federal courts for the redress of wrong, or who are forced involuntarily into federal courts to defend their rights, are thereby deprived of the benefits of the common law, in so far as the same may be applicable to their case, or that they must sift their common-law rights through enactments of their states adopting the same. On the contrary, I believe, with Judge Shiras, as expressed in the case of Murray v. Railway Co., 62 Fed. 24, that the general principles of the common law, as they existed at the adoption of our constitution, must, so far as applicable, be enforced in all appropriate cases pending in the federal courts, without any act of congress specially providing therefor. In other words, there is a common law of the United States, applicable within the scope of the jurisdiction conferred upon its courts, necessarily arising from the provisions of the constitution and judiciary act conferring jurisdiction upon the courts of the United States; and this need not be hunted for or found by the indirect process of inquiring whether the legislatures of the states whose citizens are litigants have, by special act, adopted the common law as a part of their judicial system. The foregoing views will also show to counsel that I cannot adopt their theory of this case, in so far as they build it upon the assertion that the United States, as such, has no common law. The Case of Swift is cited solely in support of the proposition that the test of reasonableness in charges for interstate commerce is the schedule rates of the carrier at the time in force. So far, therefore, as plaintiff claims redress on the ground that the charges complained of were unjust and unreasonable, within the meaning of section 1 of the act, his petition is defective, in not stating either that the defendant at the time had no published schedule of rates, or, if it did have any, that it charged plaintiff in excess of rates thereby fixed.

The question next arises whether the plaintiff has stated facts sufficient to bring himself within the provisions of section 2 of the act. As already seen, he states that at certain times the defendant performed service for him by carrying coal from East St. Louis, Ill., to St. Louis, Mo., and charged therefor at the rate of 30 cents per ton. He further states that during the same periods defendant performed like service in the transportation of coal, under substantially similar circumstances and conditions, for the Consolidated Coal Company, a corporation then engaged in the same business with plaintiff, and charged therefor a less compensation than was charged the plaintiff, as hereinbefore stated, to wit, 25 cents per ton, thereby discriminating unjustly against this plaintiff, in violation of section 2 of said interstate commerce act. In my opinion, this part of the petition contains facts sufficient to constitute a cause of action. The reasonableness or justice of the charge which is the subject of section 1 of the act is not necessarily involved in determining the unjust discrimination which is the subject-matter of section 2. The charge made for transporting freight may be entirely reasonable, and the plaintiff may have no occasion to complain of the intrinsic value of the services rendered, but may be injuriously affected by advantages given his competitors in rates of freight. A shipper of interstate commerce is generally a dealer in such commerce; and it is as important for him, in the race of com-

petition, that his competitors get no advantage in freight rates, as it is that he himself pay only reasonable charges for his own shipments. The second section of the act aims to secure equality in rates of all shippers similarly situated, and any favoritism in this particular is declared to be unlawful; and, by the eighth section of the act, any carrier who does such unlawful act is made liable to the person injured for the full amount of damages sustained in consequence of such unlawful act, together with reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery. It is said that the plaintiff has failed to allege the facts from which it may appear that defendant performed like service under substantially similar circumstances and conditions for the Consolidated Coal Company; that the statement, as made, involves conclusions only. I do not think this criticism is well made. The pleader alleges the ultimate facts which constitute the right of recovery, and has alleged them in the language of the act which confers the right of action. He has declared that the defendant rendered to the Consolidated Coal Company, for 25 cents a ton, services like those rendered to him, for which it charged 30 cents per ton, and that these services so rendered to the Consolidated Coal Company were performed under circumstances and conditions substantially similar to those attending the services rendered to the plaintiff. Plaintiff is not required to set forth details of facts which show that the services were alike, or rendered under substantially similar circumstances and conditions. This is a matter of proof. Again, it is said that, inasmuch as it does not appear from the petition that plaintiff was charged any more than the schedule rates prevailing at the time, he shows no damages. This view overlooks the main purpose of the enactment of section 2, namely, to prevent unjust discrimination. Plaintiff is entitled to such damages as he sustained by reason of the discrimination. Whether this is the difference between the discriminating charges or otherwise need not now, for the purposes of this demurrer, be determined. The demurrer must be overruled.