THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY V. THE NEW ERA MILLING COMPANY.

No. 15,986.

SYLLABUS BY THE COURT.

1. RAILROADS—*Interstate Commerce.* Freight received by a railway company in Kansas, to be transported over its own and a connecting line, on a through bill of lading and by a continuous trip, to a point beyond the state, is deemed to be interstate commerce.

2. ———— *Rates—Jurisdiction of Interstate Commerce Commission.* In such a case, where the rate charged for the through shipment is the aggregate of the local rates on the two lines, and where the connecting line had previously adopted and filed with the interstate commerce commission a tariff under which its proportion of the charge on the through shipment was collected, and there is a claim by the shipper that the charge made is excessive, unreasonable and unjust, his redress must be through the interstate commerce commission, and can.not be obtained in a state court.

Error from Labette district court; ELMER C. CLARK, judge. Opinion filed May 8, 1909. Reversed.

*John Madden,* and *W. W. Brown,* for the plaintiff in error.

*Archie D. Neale,* for the defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the New Era Milling Company to recover $303.13 from the Missouri, Kansas & Texas Railway Company for alleged unreasonable, unjust and excessive freight

charges on the transportation of thirty-one cars of flour. During the period of about two years the flour was shipped by the milling company from Arkansas City, Kan., to points in Oklahoma and Indian Territory. The shipments were started over the Atchison, Topeka & Santa Fe and the St. Louis & San Francisco railroads and delivered to the defendant company at junction points, and carried by that company from these places to points of destination. While there were no agreements or arrangements of any kind made between the initial companies and the defendant company for the transportation of the flour, the cars delivered to the initial companies were carried through to destination and the flour shipped on a single bill of lading. There were no joint rates for such shipments, but the rates charged were composed of the local rates of the initial carrier from the starting point to the junction point and local rates from the junction point to the destination. The shipments went through from origin to destination without any further direction or control of the plaintiff, and the charges for transportation for the through trip were included, as we have seen, in one bill of lading, which was presented by the defendant company to the consignee at destination upon the delivery of the flour and upon which that company collected the charges for the whole carriage.

In making a charge for its proportion of the through shipment the defendant required the plaintiff to pay five cents more per hundred pounds on the shipments coming to it over the Atchison, Topeka & Santa Fe and the St. Louis & San Francisco railroads than was charged for shipments originating on its own line and those of the Denver, Enid & Gulf and the St. Louis, El Reno & Western railroad companies. These charges, it was alleged, are unreasonable, unjust and illegal, and for the sum of the charges a judgment was asked.

The defendant company answered that the shipments from Arkansas City, Kan., to points in Oklahoma and

Indian Territory were interstate, and that defendant's carriage of the cars of flour in question were parts of interstate shipments; that the charges for its share of the transportation were made under schedules of rates duly adopted, published and filed with the interstate commerce commission, and were therefore subject to the interstate commerce act; and that claims that charges under these schedules are excessive and unreasonable are beyond the jurisdiction of the state courts. It was alleged that the charges complained of, except for one shipment, were made under the terms and conditions of tariff No. 2855 and a supplement of the same, which were in existence when the shipments were made, and that the tariff and supplement were duly adopted, published and filed with the interstate commerce commission. The remaining shipment was made under tariff No. 3025, which was filed with the interstate commerce commission. It was in force at the time the shipment was made, and it stated separately the terminal charges and all rules and regulations which changed or affected the rates, and was posted in the depots and stations and was therefore accessible to the public.

The objection that a state court has no jurisdiction in cases of this kind was overruled, and upon the facts of the case judgment for the amount of the claim was awarded to the plaintiff. Only one contention is made here, and that is that the question whether the freight charges were unreasonable and unjust is for the determination of the interstate commerce commission and is entirely outside the authority of a state court. It must be held that the district court was without jurisdiction to adjudicate the claim of plaintiff. The transportation of flour, received by the railroad companies in Kansas to be shipped over their own and connecting lines, on through bills of lading and by continuous trips, to points beyond the state, is to be regarded as interstate commerce, and each of the companies as en-

gaged in such commerce. Do the facts in this case bring it within the operation of the interstate commerce act? In a former case between the same parties the same contention was made, but how the rates applied in that case were arrived at the record did not show. They were not fixed by any tariff that was introduced in evidence and there was nothing to show that the rates had been established under the interstate commerce act, and hence the claim for the excessive charges was held to be enforceable in any court of general jurisdiction. (*Railway Co. v. Milling Co.*, 79 Kan. 435.) Here the defendant had adopted, published and filed schedules of rates with the interstate commerce commission, under which the freight charges in controversy were exacted. Having filed these schedules with the commission they became the established rates, and the railway company filing them was required to charge these rates so long as they were in force. The determination of the question whether the charges of which plaintiff complains were unreasonable and illegal necessarily involved the rates promulgated under the interstate commerce act. The supreme court of the United States has decided that when a rate is so established, and there is a claim by a shipper that a freight charge under it is unreasonable and unjust, his redress must be through the interstate commerce commission. (*Texas & Pac. Ry. v. Abilene Cotton Oil Co.*, 204 U. S. 426; *Texas & Pac. Ry. v. Cisco Oil Mill*, 204 U. S. 449; *Southern Railway Co. v. Tift*, 206 U. S. 428; *Illinois Cent. &c. R. R. v. Inter. Com. Comm.*, 206 U. S. 441; *Swift v. Philadelphia & R. R. Co.*, 64 Fed. 59; *Kinnavey v. Terminal R. Ass'n*, 81 Fed. 802; *Van Patten v. Chicago, M. & St. P. Ry. Co.*, 81 Fed. 544.)

It is suggested that one of the tariffs was invalid because it did not contain a proper classification, and did not state the terminal charges separately, and, further, that it was not duly posted. There is nothing substantial in the objection to classification, and as far as the

terminal charges are concerned it may bè that there are no such charges to bè stated. The tariff filed will be presumed to contain all charges which are to be made. The failure properly to post the tariff filed with the interstate commerce commission in railway depots and stations does not destroy its validity nor would it relieve the railway company from observing and enforcing such tariff. It has been held that "such posting is not a condition precedent to the establishment of the rates but a provision for affording facilities to the public for ascertaining the rates actually in force." (*Texas & Pac. Ry. v. Cisco Oil Mill*, 204 U. S. 449, syllabus.)

The judgment of the district court is reversed and the cause remanded for further proceedings.