THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee*, v. THE SUPERIOR REFINING COMPANY, *Appellant*.

No. 16,794.

### SYLLABUS BY THE COURT.

INTERSTATE COMMERCE—*Excessive Freight Charges—Action to Recover—Jurisdiction.* Relief from excessive freight charges upon interstate shipments, where the charges are made according to established rates fixed and promulgated as required by the interstate commerce act, must be sought through the interstate commerce commission.

Appeal from Elk district court. Opinion filed January 7, 1911. Affirmed.

*Charles H. Apt*, and *A. T. Ayres*, for the appellant; *Apt & Apt*, of counsel.

*William R. Smith*, *O. J. Wood*, and *Alfred A. Scott*, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The plaintiff sued to recover a balance claimed to be due for transporting oil from Bartlesville, Okla., to Longton, Kan., according to the rates fixed in its freight tariffs on file at the time with the

interstate commerce commission and posted and published as required by the federal law.    The plaintiff recovered.

The trial was upon an agreed statement, from which it appears that the plaintiff's duly established and published rate for the transportation of oil from Bartlesville to Chanute, Humboldt, Erie, and Cherryvale, all on the plaintiff's line of railroad, was seven cents per hundred pounds, while the rate so fixed and established for Longton was twenty-one cents per hundred pounds, although Longton was in the same general locality, where like conditions existed; and that the rate so fixed and established for Longton was unreasonable and excessive.    The plaintiff's authorized agent solicited the business, fixing the rate at seven cents per hundred pounds, which the defendant paid, and the latter now insists that it ought not to be compelled to pay the unreasonable excess sued for, although it would be due if the rates which were fixed and promulgated according to the requirements of the federal statute are to prevail. On the other hand, the plaintiff contends that the established rate governs, regardless of the contract and notwithstanding the fact that it is unreasonable; and that redress must be sought from the interstate commerce commission.

The decision must rest upon the interstate commerce law as interpreted by the supreme court of the United States.    In *Texas & Pacific Railway v. Mugg,* 202 U. S. 242, it appeared that on an interstate shipment a rate was quoted to the shipper less than the lawful schedule rate.    On arrival of the goods at their destination the schedule rate was exacted; the shipper insisted upon the quoted rate, but paid the excess under protest, and sued for its recovery.    Reversing a judgment for the shipper given by the circuit court, it was held that the rate fixed in the schedule filed pursuant to the act to regulate interstate commerce was controlling, that it was beyond the power of the carrier to depart from

such rates in favor of any shipper, and that the erroneous quotation of rates by the agent of the railroad company did not justify a recovery, since to do so would in effect enable the shipper, whose duty it was to ascertain the published rate, to secure a preference over other shippers, contrary to the act to regulate commerce. That decision is summarized and followed in *Texas & Pacific Ry. v. Abilene Cotton Oil Co.,* 204 U. S. 426, where it was held:

"The proposition that if the statute be construed as depriving courts generally, at the instance of shippers, of the power to grant redress upon the basis that an established rate was unreasonable, without previous action by the commission, great harm will result, is only an argument of inconvenience which assails the wisdom of the legislation or its efficiency and affords no justification for so interpreting the statute as to destroy it." (p. 447.)

The opinion concludes with a statement to the effect that a shipper seeking reparation predicated upon the unreasonableness of the established rate must primarily invoke redress through the interstate commerce commission, which body alone is vested with power originally to entertain proceedings for the alteration of an established schedule. This was also the conclusion in *Railway Co. v. Milling Co.,* 80 Kan. 141, where the rule that must govern this contract is stated. Other cases are there cited.

The principle of these decisions applies here, where suit is brought for the excess, the same as if the excess had been paid and an action had been brought to recover it. The established rate must prevail over the quoted rate, otherwise the statute would be ineffectual for the purpose for which it was enacted. The district court did not err in its judgment. Relief for the excessive charge can only be obtained through the proper federal tribunal.

The judgment is affirmed.