### UNION DRY GOODS COMPANY *v.* GEORGIA PUBLIC SERVICE CORPORATION.

ATKINSON, J. The Union Dry Goods Company had a contract with the Georgia Public Service Corporation for service of electric current at its place of business, at specified rates, as fixed by existing rules of the

railroad commission. About nineteen months after execution of the contract the railroad commission of Georgia adopted certain orders fixing rates to be charged, applicable to the business of the public-service corporation, which were higher than those specified in the contract with the Union Dry Goods Company. The latter company undertook to enjoin the former from putting into effect the higher rates. On exception to a judgment refusing an interlocutory injunction, this court, on the basis of a presumption that the rates fixed by the railroad commission were reasonable, held that the order was valid, and that it superseded the pre-existing contracts made by the parties; and affirmed the judgment. *Union Dry Goods Company* v. *Georgia Public Service Corporation,* 142 *Ga.* 841 (83 S. E. 946). On the final trial before the judge trying the case, by consent, without a jury, a judgment was rendered denying the injunction: *Held:*

1. Evidence that at the time of making the contract the parties acted in good faith, and that the contract was made at the solicitation of the public-service corporation, which was also making similar contracts with other customers in the city at lower rates than those made with plaintiff, and that the conventional rate paid by the plaintiff afforded the public-service corporation a fair and reasonable profit for the service and electricity furnished, was insufficient to overcome the presumption that the rates prescribed by the railroad commission more than a year after execution of the contract were reasonable. And there being no other evidence offered to show the unreasonableness of the rates prescribed, the rejection of the evidence indicated above will not require a reversal; nor was there error in admitting properly certified copies of the orders offered by the defendant. See *Sorrell* v. *Central Railway,* 75 *Ga.* 509; *Southern Railway Co.* v. *Atlanta Stove Works,* 128 *Ga.* 207 (57 S. E. 429).

2. An order of the railroad commission, fixing a schedule of rates to be charged by public-service companies in a given municipality, is not invalid solely because a contract-holder of one of the public-service companies was not made a party and notified of the proceedings before the commission.

3. The other questions presented by the record are concluded by the rulings made when the case was decided upon exceptions to the judgment refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*
AUGUST 18, 1916.

Equitable petition. Before Judge Mathews. Bibb superior court. May 6, 1915.

*Feagin & Hancock,* for plaintiff.

*DuPont Guerry* and *Ellis & Glawson,* for defendant.