COHN et al., Appellants, v. ST. LOUIS, IRON MOUN-
TAIN & SOUTHERN RAILWAY COMPANY.

Division Two, March 23, 1904.

1. **FREIGHT RATES: Cause of Action: Long and Short Hauls.** A
petition which charges that a railroad charged plaintiffs higher
freight rates for goods shipped from a certain city to the town
in which plaintiffs did business, than it charged to other mer-
chants in other towns a greater distance and in the same direc-
tion from the city from which the goods were shipped, and that
by reason thereof merchants in said cities were given an undue
and unreasonable advantage over them as competing merchants,
and stating the excess of such charges, and the amount of dam-
ages they had sustained, states a cause of action under the
statute.

2. ———: ———: ———: **Freight Actually Shipped: Published
Rates.** In such case it is not necessary that any freight of the
kind shipped plaintiffs should actually have been shipped to
other towns on the defendant's railroad at a greater distance
from the starting point. If it published a schedule of freight
rates for such cities and held out to the public that certain
rates would be charged for shipment to them, it will be consid-
ered as having charged said rates.

3. ———: ———: **Discrimination: Separate Acts.** In such suit for
discrimination for charging higher rates for a short haul than
for the longer one, it is not necessary that the petition sepa-
rately state each separate act of discrimination, in order to be
held to state a cause of action.

Appeal from Butler Circuit Court.—*Hon. James L.
Fort*, Judge.

REVERSED AND REMANDED.

*E. R. Lentz* for appellants.

(1)    The statutes provide that if any common car-
rier shall do, or cause to be done, any act or thing in
the statute declared to be unlawful, it shall be liable to

the person or persons injured for three times the amount of damages sustained by reason of said violations, etc. R. S. 1899, sec. 1140. (2) The petition alleges, first, that defendant gave an undue and unreasonable advantage and preference to Dexter, Essex, Sikeston and Charleston as localities over Poplar Bluff as a locality; second, that it has charged more compensation for the transportation of goods, wares and merchandise, for the shorter haul from St. Louis to Poplar Bluff, than it at the same time charged for the longer haul from St. Louis to the other places named, and that plaintiffs have been damaged thereby. Both of these acts are declared by statute to be unlawful. R. S. 1899, secs. 1133, 1134; Seawell v. Railroad, 119 Mo. 224; Dry G. Co. v. Railroad, 6 Interstate Com. Rep. 568. (3) Plaintiffs were entitled to at least as good rates to Poplar Bluff as merchants doing business at Dexter and other points named, all of which are located at a greater distance from St. Louis than is Poplar Bluff. If they were charged more for the same services than other merchants so located were charged, they were damaged to the extent of the discrimination. Seawell v. Railroad, supra; Railroad v. Goodrich, 149 U. S. 680; Hill v. Railroad, 6 Interstate Com. Rep. 343; Dry G. Co. v. Railroad, supra. (4) The measure of damages in this case is the difference between the amount charged these plaintiffs as freight charges on goods shipped from St. Louis to Poplar Bluff, and the amount at the same time charged on shipments of the same classes of goods from St. Louis to Dexter and other places named. Seawell v. Railroad, supra; Railroad v. Goodrich, supra. (5) In the petition in this cause the wrongful act complained of is act of discrimination between Poplar Bluff as a locality and the other places and localities named. This act of discrimination was completed when the defendant railway company made and promulgated its freight tariffs by which Poplar Bluff was to be charged a greater rate than the other places named. Seawell v.

Railroad, supra; Railroad v. Goodrich, supra.   (6) The petition states a good cause of action under the statutes named:   First, it alleges the wrongful acts of the defendant in the language of the statute; second, it alleges that plaintiffs have been damaged by the wrongful acts of defendant, and states facts from which the amount of damages can be ascertained; third, it states the amount of freight in pounds, and of the different classes which they received and paid freight on at Poplar Bluff tariff rates, and the exent of the discrimination on each 100 pounds, of each of the classes.   This is all that was neccessary.   R. S. 1899, secs. 1133 and 1144.   (7)   (a) The damages here sought to be recovered were the necessary result of the wrongful acts of defendant set forth in the petition, as constituting the cause of action, and need not be specially pleaded, but may be recovered under the general allegation of damages.   5 Ency. of Plead. & Prac., p. 717; Coontz v. Railroad, 115 Mo. 669; Brown v. Railroad, 99 Mo. 310; Moore v. Mountcastle, 72 Mo. 608; O'Leary v. Rowan, 31 Mo. 119; 2 Greenleaf, Evidence, sec. 89.   (b)   The defendant is presumed to know the damages which necessarily result from his own acts and consequently he can not be taken by surprise when evidence of such resulting damages is admitted and shown under the *ad dammum* or general allegation of damages.   Ency. Plead. and Prac., 717 and 718; O'Leary v. Rowan, supra; Treadwell v. Whittier, 80 Cal. 575.   (8)   (a) This being an action by a shipper against a railway company for discriminating against plaintiff in the transmission of merchandise between stated times, plaintiff will not be required to state each act of discrimination in his complaint as a separate cause of action.   3 Ency. of Plead. & Prac., 869; Langdon v. Railroad, 15 N. Y. Supp. 252; Ray v. Railroad, 25 Mo. App. 106; Railroad v. Goodrich, 149 U. S. 682. (b)   All damages arising from a single wrong, though at different times, makes but one cause of action. Bliss on Code Pleadings, sec. 118; Bundernagle v. Cocks, 19

Wend. 207.    (9) Payment of an overcharge of freight to a railroad company, engaged as a common carrier, is not voluntary, so as to prevent recovering it back. Railroad v. Wilson (Ind.), 18 L. R. A. 105.

*L. F. Dinning* for respondent.

BURGESS, J.—This is an action for damages alleged to have been sustained by plaintiffs by reason of the violation by defendant of sections 2636 and 2637, Revised Statutes 1889, section 1133 and 1134, Revised Statutes 1899, and the penalty imposed therefor by section 2643 of the same act.   The petition is in two counts and as amended is as follows:

"Plaintiffs state that the above named Peter Cohn and Sallie Pelz are, and for more than three years past have been, partners engaged in the general merchandise business in the city of Poplar Bluff, Butler county, Missouri, under the firm name and style of Cohn & Pelz, and that the defendant, the St. Louis, Iron Mountain & Southern Railroad Company, is a railroad corporation organized under the laws of the State of Missouri, and operating a railroad from the city of St. Louis to the city of Poplar Bluff in the State of Missouri, and also from the city of Poplar Bluff in the State of Missouri, to the city of Cairo in the State of Illinois, which said last named railroad runs through the towns of Dexter, Essex, Morehouse, Sikeston and Charleston in said State of Missouri; that during all of the time herein mentioned the defendant held itself out and advertised itself a common carrier of freight and passengers between the points herein named.

"Plaintiffs state that during all of the time since the 20th day of March, A. D. 1896, the plaintiffs have been engaged in a general merchandise business in the city of Poplar Bluff, Butler county, Missouri; that the said city of Poplar Bluff is a station on the line of de-

.fendant's railroad, located one hundred and sixty-six miles south from the city of St. Louis in the said State of Missouri, which said city of St. Louis is the northern terminus of the defendant's said railroad. Plaintiff also says that Charleston, Sikeston, Morehouse, Gray's Ridge, Essex and Dexter are all stations on the defendant's said railroad and each of said stations named are located at the following distances from the city of St. Louis, to-wit: Charleston, 178 miles; Sikeston, 211 miles; Morehouse, 205 miles; Gray's Ridge, 199 miles; Essex, 195 miles; and Dexter, 190 miles; that all of the said last named places are stations on the same railroad on which Poplar Bluff is located, and are all in the same direction from the city of St. Louis, and located at a greater distance from the city of St. Louis than is Poplar Bluff.

"Plaintiff says that by section 2636 of the Revised Statutes of Missouri of 1889, it is made unlawful for any common carrier to make or to give any undue or unreasonable preference or advantage to any particular person, company or firm, corporation or locality in the transportation of goods, wares and merchandise of any character, or to subject any particular person, firm, corporation or locality or any particular description of traffic, to any undue or unreasonable prejudice or disadvantage with respect to such transportation.

"Plaintiff says that notwithstanding the defendant was prohibited by the said statute from discriminating against these plaintiffs as individuals or as a firm, and from undue or unreasonable discrimination against the said city of Poplar Bluff as a locality in favor of other localities, in the way of rates charged for the transportation of all kinds of merchandise; yet the defendant by its 'Freight Tariff No. 1666,' which was in effect during all the time herein mentioned, published and promulgated the following as the tariff of rates to be charged for transportation of the various classes of freight therein mentioned from the said city of St.

Louis to the said city of Poplar Bluff, to-wit: first class, 75 cents per 100 pounds; second class, 58 cents per 100 pounds; third class, 50 cents per 100 pounds; fourth class, 40 cents per 100 pounds; fifth class, 30 cents per 100 pounds; and all other classes and descriptions of freight at the rates herein mentioned and specified.

"Plaintiffs say that in the course of their said business so conducted at Poplar Bluff as aforesaid, it became and was necessary for them to purchase in St. Louis and other cities large quantities of merchandise and to ship the same to their said store in Poplar Bluff, Missouri, and that at various times between the 20th day of March, 1896, and the 20th day of March, 1899, there was shipped from the said city of St. Louis to these plaintiffs at Poplar Bluff, Missouri, over defendant's said railway, in the aggregate, of the various classes of freight, as follows, to-wit: of first class, 183,-042 pounds; of second class, 38,140 pounds; of third class, 173,615 pounds; of fourth class, 183,231 pounds; and of fifth class, 174,958 pounds, and large amounts of other classes of freight in said 'Freight Tariff No. 1666,' mentioned and specified, to-wit: 208,325 pounds of meats and lard, and that these plaintiffs have been compelled to pay and did pay to the defendant as compensation for the transportation of said merchandise from the city of St. Louis to the city of Poplar Bluff, the full tariff rates as published and promulgated by the said 'Freight Tariff No. 1666,' all of which will fully and at large appear by tabulated statement attached to the original petition herein and marked 'Exhibit A.'

"Plaintiffs further say that during all the time covered by the said shipments as aforesaid, the defendant, by its 'Freight Tariff No. 2166 A'. which become effective March 1, 1895, published and promulgated to the world that it would transport merchandise and other commodities from the city of St. Louis to Charleston,

Sikeston, Morehouse, Gray's Ridge, Essex and Dexter, in the State of Missouri, and all situated a greater distance from the city of St. Louis than is Poplar Bluff, at rates very much lower than those charged to these plaintiffs for shipments to Poplar Bluff; that the rates as published and promulgated by said 'Freight Tariff No. 2166 A' to all of said above named points were as follows: first class, 50 cents per 100 pounds; second class, 35 cents per 100 pounds; third class, 30 cents per 100 pounds; fourth class, 25 cents per 100 pounds; fifth class, 23 cents per 100 pounds; and other classes of freight at the rates mentioned in the said 'Freight Tariff No. 2166 A,' and that the defendant did transport large amounts of merchandise and other commodities from the city of St. Louis to persons residing and doing business at the said points last above named at the rates published and promulgated in said 'Freight Tariff No. 2166 A,' and that said freight so shipped to merchants and others at the last above named places was shipped through Poplar Bluff to said points. All of which was to the great damage and injury to these plaintiffs.

"Plaintiffs say that as a further discrimination against these plaintiffs and against the city of Poplar Bluff as a locality, the defendant during the time herein mentioned did allow and pay to persons doing business in said last above named places further reduction by way of rebate in the rates of freight charged on commodities shipped from St. Louis to the said above named points, amounting to from six to ten cents on each one hundred pounds of freight received by them and on all classes of freight transported by the defendant from the said city of St. Louis to the said last above named points. Whereby merchants doing business at the said last above named points are given an undue and unreasonable preference and advantage over these plaintiffs and other merchants doing business at Poplar Bluff, Missouri, and by reason thereof merchants doing

business at said last above named points are enabled to sell many classes of goods for less money than it costs these plaintiffs and other merchants doing business in Poplar Bluff to put the same class of goods in their stores, and thereby rendering it impossible for these plaintiffs to compete with merchants doing business at the said last above named point and by reason thereof many of plaintiffs' customers have transferred a large part of their patronage to merchants doing business at the said last above named places.

"By reason of all which these plaintiffs have been damaged in the sum of two thousand, five hundred dollars.

"Wherefore plaintiffs pray judgment for the said sum of two thousand five hundred dollars damages, together with costs of this suit, and that when the damages shall have been ascertained, the court will render judgment against the defendant for three times the amount of damages so ascertained, as provided by section 2643 of the Revised Statutes of Missouri of 1889, and for reasonable attorney's fee to be assessed as costs.

"Plaintiffs for a further and other cause of action, say that by section 2637 of the Revised Statutes of Missouri of 1889, it is made unlawful for any common carrier to charge or receive any greater compensation in the aggregate for the transportation of like kinds of property under similar circumstances and conditions for shorter than longer distances over the same line in the same direction. That Poplar Bluff is a station located on the line of defendant's railroad 166 miles south from St. Louis, Missouri, which is the northern terminus of defendant's said railroad; that Dexter, Essex, Gray's Ridge, Morehouse, Sikeston and Charleston are all stations on the same line of defendant's railroad as is Poplar Bluff, and are all in the same direction from the city of St. Louis, and all are located at a greater distance from the city of St. Louis than is Poplar Bluff.

That during all of the time commencing on the 20th day of March, 1896, and up to and including the 20th day of March, 1899, the plaintiffs were engaged in the general merchandise buisness in the city of Poplar Bluff, Missouri; that at various times between the said 20th day of March, 1896, and the 20th day of March, 1899, the defendant received at St. Louis, Missouri, large amounts of merchandise and other commodities consigned to these plaintiffs, and which said merchandise and other commodities was transported by the defendant to the plaintiff at Poplar Bluff, Missouri, which said merchandise and other commodities so received and transported by the defendant to the plaintiff as aforesaid, in the aggregate amounted in the several classes of freight in pounds as follows, to-wit: first class 183,042 pounds; second class, 38,140 pounds; third class, 173,615 pounds; fourth class, 183,231 pounds; fifth class, 174,958 pounds; and large amounts of the other classes of freight therein enumerated, to-wit, 203,325 pounds of meats and lard. The particulars of all which will fully and at large appear by the tabulated statement attached to the original petition herein and marked 'Exhibit A.' Plaintiffs say that as a compensation for the transportation of all of said merchandise and other commodities, they paid the defendant full tariff rate on each class of freight as published and promulgated in said 'Freight Tariff No. 1666,' set out and described in the first count of this petition and to which reference is hereby had. Plaintiffs say that while the said 'Freight Tariff No. 1666' was in force on all shipments from St. Louis to Poplar Bluff, and the rates there specified on the several classes of freight were the rates demanded by the defendant and paid by the plaintiffs on all of said freight so received by the plaintiffs during all of the time herein above mentioned; yet during all of the said time defendant by its 'Freight Tariff No. 2166 A' published and promulgated that it would transport merchandise and other com-

modities from St. Louis to the said stations of Dexter, Essex, Gray's Ridge, Morehouse, Sikeston and Charleston, all in the State of Missouri, and all at a greater distance from St. Louis than is Poplar Bluff, and did so transport merchandise and other commodities from the said city of St. Louis through the said city of Poplar Bluff to the places above named, and charged as compensation therefor very much less than was demanded by defendant and paid by the plaintiffs for the transportation of like kinds of merchandise and commodities, under similar circumstances and conditions from St. Louis to Poplar Bluff, notwithstanding all of said places last above named are located at a greater distance from St. Louis than is Poplar Bluff, and all in the same direction from St. Louis. That the rates demanded by defendant and paid by plaintiffs for transportation of merchandise and commodities from St. Louis to Poplar Bluff exceed the rate demanded and paid by merchants at the other places above named for like services, as shown by freight tariffs above referred to, on the different classes of freight, as follows: on first class, 25 cents on each 100 pounds; on second class, 23 cents on each 100 pounds; on third class, 20 cents on each 100 pounds; on fourth class, 15 cents on each 100 pounds; on fifth class, 7 cents on each 100 pounds.

"Plaintiffs say the rates of compensation charged by the defendant for the transportation of merchandise and other commodities from St. Louis to the said Dexter, Essex, Gray's Ridge, Morehouse, Sikeston and Charleston, as shown by said 'Freight Tariff No. 2166 A,' was still further reduced during the greater portion, if not all of the time mentioned above, by the defendant allowing and paying to persons receiving freight at said station rebates from the tariff rates amounting to from six to ten cents per 100 pounds on all classes of freight received by them, and by charging less than the published tariff rates on the different

classes of freight herein mentioned, by reason of which discrimination in freight rates merchants doing business at the said last above mentioned places are enabled to sell all classes of goods for less money than it is possible for these plaintiffs and other merchants doing business at Poplar Bluff to sell the same class of goods, and thereby rendering it impossible for these plaintiffs and other merchants doing business at Poplar Bluff to compete with merchants doing business at the said points in favor of which the discriminations were made, and by reason of which many of plaintiffs' customers have transferred a large part of their patronage to merchants doing business at the said last above named points, by means of all which plaintiffs have been damaged in the sum of two thousand five hundred dollars.

"Wherefore plaintiffs pray judgment for the said sum of two thousand five hundred dollars as damages and that upon ascertaining the amount of damages sustained by plaintiffs the court will render judgment for three times the amount of damages sustained, as provided by section 2643 of the Revised Statutes of Missouri, 1889, and for a reasonable attorney's fee to be assessed as costs."

Defendant demurred to the petition for the following grounds of objection, viz.:

"First. Because said second amended petition does not state facts sufficient to constitute a cause of action.

"Second. Because under the laws of this State and the facts stated in said second amended petition plaintiffs are not entitled to recover herein.

"Third. Because from the facts as alleged in said second amended petition plaintiffs have not been damaged thereby.

"Fourth. Because the facts as alleged in the said second amended petition give plaintiffs no legal standing in this court and no right to recover herein.

"Fifth. Because from the facts alleged in the said

second amended petition plaintiffs have no legal interest in the subject-matter of said amended petition.

"Sixth.   Because under the law of this State and the allegations of said amended petition the plaintiffs aforesaid have no standing herein.

"Seventh.   Because from the allegations in the said second amended petition the plaintiffs have no interest in the subject-matter of said amended petition.

"Eighth.   Because the facts as alleged in said second amended petition do not confer upon plaintiffs any right to bring this action.

"Ninth.   Because the facts as alleged in said second amended petition do not entitle plaintiffs to recover herein.

"Tenth.   Because there are a great many causes of action contained in the first cause of action in said second amended petition set forth and in one count.

"Eleventh.   Because there are a great many alleged causes of action contained in the second cause of action in said second amended petition and in one count."

The demurrer was sustained, and plaintiffs declining to plead further, final judgment was rendered for defendant that plaintiffs take nothing by their suit, and against them for costs.   They appeal.

By section 1133, supra, it is declared to be unlawful for any common carrier to make or give any undue or unreasonable preference or advantage to any particular person, company or firm, corporation or locality, in the transportation of goods, wares and merchandise of any character, or to subject any particular person, firm, corporation or locality, or any particular description of traffic, to any undue or unreasonable prejudice or disadvantage with respect to such transportation.

By section 1134, supra, it is declared to be unlawful for any such common carrier to charge or receive any greater compensation in the aggregate for the transportation of the like kind of property under similar cir-

cumstances and conditions for a shorter than a long distance over the same line in the same direction, and by section 1140, Revised Statutes 1899, it is provided that "in case any such common carrier shall do or cause to be done any act or thing in this act prohibited or declared to be unlawful, or shall omit to do any act or thing in this act required to be done, then such common carrier shall be liable to the person or persons injured thereby for three times the amount of damages sustained in consequence of the violation of the provisions of this act, together with a reasonable attorney's fee to be fixed by the court, which fee shall be taxed and collected as part of the costs in the case."

It is claimed for defendant that the petition does not state a cause of action, in that it does not appear how and in what way the plaintiffs were injured or damaged by the act of defendant, and that, as it is alleged therein and in each count thereof, that "by reason of all which," these plaintiffs have been damaged in the sum of two thousand five hundred dollars, there is no allegation by which the court or jury could intelligently ascertain what damages plaintiffs have sustained, if any.

There does not seem to us to be any merit in this position, and for the following reasons: The petition alleges that Poplar Bluff is a station on defendant's railroad and is located one hundred and sixty-six miles south from the city of St. Louis in the said State of Missouri, which said city of St. Louis is the northern terminus of the defendant's said railroad. Plaintiff also says that Charleston, Sikeston, Morehouse, Gray's Ridge, Essex and Dexter are all stations on the defendant's said railroad and each of said stations named are located at the following distances from the city of St. Louis, to-wit: Charleston, 178 miles; Sikeston, 211 miles; Morehouse, 205 miles; Gray's Ridge, 199 Miles; Essex, 195 miles; and Dexter, 190 miles; that all of said last named places are stations on the same railroad

on which Poplar Bluff is located and are all in the same direction from the city of St. Louis, and located at a greater distance from the city of St. Louis than is Poplar Bluff. That at various times between the 20th day of March, 1896, and the 20th day of March, 1899, there was shipped from the said city of St. Louis to these plaintiffs at Poplar Bluff, Missouri, over defendant's said railroad in the aggregate, of the various classes of freight, as follows, to-wit: of first class, 183,042 pounds; of second class, 38,140 pounds; of third class, 173,615 pounds; of fourth class, 183,231 pounds, and of fifth class, 174,958 pounds; and large amounts of the other classes of freight in said "Freight Tariff No. 1666," mentioned and specified, to-wit, 208,325 pounds of meats and lard, and that these plaintiffs have been compelled to and did pay to the defendant as compensation for the transportation of said merchandise from the city of St. Louis to the city of Poplar Bluff the full tariff rates as published and promulgated by the said "Freight Tariff No. 1666," all of which will fully and at large appear by tabulated statement attached to the original petition herein and marked "Exhibit A." Whereby merchants doing business, at the said last above named points, are given an undue and unreasonable preference and advantage over these plaintiffs and other merchants doing business in Poplar Bluff, Missouri, etc.

It thus clearly appears from the first count of the petition that plaintiffs were injured by the acts of defendant by reason of the acts specified which it was prohibited by statute from doing. These allegations being material stand admitted by the demurrer and furnish the data from which it can be readily ascertained, or proximately so, the amount of damages plaintiffs have sustained.

The plaintiffs having shipped over defendant's road at the times stated in the petition from the city of St. Louis to Poplar Bluff, Missouri, certain

freight on which defendant charged and received from plaintiffs as compensation for carrying the same, rates in excess of the rates charged at the same dates for the transportation of similar freights under similar circumstances and conditions from the city of St. Louis to the towns of Charleston, Sikeston, Morehouse, Essex, Gray's Ridge and Dexter in the State of Missouri, which was a longer distance over the line of defendant's road in the same direction from said city of St. Louis to said towns than it is from said city to the town of Poplar Bluff, and thereby gave an undue and unreasonable or unfair advantage and preference to said towns against and to the disadvantage of the said locality of Poplar Bluff, and especially with respect to these plaintiffs, defendant was guilty of violating the statute. Nor was it necessary that any freight of the kind in question should have actually been shipped on the railroad of the defendant from St. Louis to Charleston, Sikeston, Morehouse, Gray's Ridge, Essex, or Dexter, during the times specified in the petition, but if the defendant published and held out to the public at said times, as alleged in the petition, that certain rates or amounts would be charged for the transportation of such merchandise from St. Louis, Missouri, to Charleston, Sikeston, Morehouse, Gray's Ridge, Essex or Dexter, the defendant will be considered as having charged said rates. But defendant contends that a petition for damages for unreasonable charges under section 1136, Revised Statutes 1899, must show that the charges were more than the rate fixed by the carrier and approved by the board of railroad commissioners, and cites the cases of McGrew v. Railroad, 114 Mo. 210; and Winsor Coal Co. v. Railroad, 52 Fed. 716.

We concur in this position and think it fully sustained by the cases cited, but the case at bar is not that character of case; instead, it is an action for discrimination by defendant between persons or lo-

calities, and discrimination in what is known as long and short haul.

In the case of the Railroad v. Goodridge, 149 U. S. 680, it was ruled:

"It is no proper business of a railway company as common carrier to foster particular enterprises or to build up new industries; but, deriving its franchises from the Legislature, and depending upon the will of the people for its very existence, it is bound to deal fairly with the public, to extend them reasonable facilities for the transportation of their persons and property, and to put all its patrons upon an absolute equality."

Nor is there any merit in the contention that each act of discrimination complained of by plaintiffs was a separate and distinct cause of action and should have been so stated in the petition.

In 3 Ency. Plead. and Prac., 869, it is said: "Where a recovery is sought for several acts of discrimination, it is not necessary to state each act of discrmination as a separate cause of action." [Railroad v. Goodridge, supra.] And if defendant desires to know the precise time and circumstances of the alleged discrimination it should move to make the petition more definite and certain. [Langdon v. Railroad, 15 N. Y. Supp. 255.]

The first count of the petition alleges the wrongful acts of the defendant in the language of the statute; that the plaintiffs have been damaged by the wrongful acts of defendant, and sets forth the facts from which the amount of damages can be ascertained—the amount of freight in pounds, and of the different classes which they received and paid freight on at Poplar Bluff tariff rates and the extent of the discrimination on each one hundred pounds on each of the classes, and clearly states a cause of action under the statute. [McGrew v. Railroad, 177 Mo. 533.]

We are unable to see any objection whatever to the second count of the petition, nor has any substantial objection to it been pointed out by counsel for defendant in their brief. We are, therefore, clearly of the opinion that it also states a cause of action and, that upon either count, the allegations being true, plaintiffs are entitled to recover the amount of damages sustained by them, together with the penalty imposed by section 1140, supra, for the violation by defendant of sections 1133 and 1134, supra. No other provisions of the statute other than those just mentioned have any bearing whatever upon the questions involved in this litigation, hence we have not discussed them.

Our conclusion is that the court erred in sustaining the demurrer to the petition and in rendering judgment thereupon in favor of the defendant.

The judgment should be reversed and the cause remanded.

It is so ordered. All concur.