# PETER COHN and SALLIE PELZ, Appellants, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

### Division Two, March 31, 1910.

1. **APPELLATE JURISDICTION: $7500: Discrimination in Freight Rates.** Where the appeal is by plaintiffs from a judgment in favor of a railroad, in which the petition charges unlawful discrimination in freight rates and extra charges, and laying their damages at $2500, and asking that the damages be tripled, in no case is the amount in dispute in excess of $7500; and as the validity of the statutes upon which the suit is based is not assailed and there is no Federal question involved, the appeal is to the Court of Appeals, although taken prior to the passage of the Act of 1909, but the cause being not submitted until after that act went into effect.

227 Sup—24

2. ——: ——: ——: Attorney's Fees. The attorney's fees, which the statute permits to be taxed "as costs" in such suit in case the judgment is for plaintiff, and which the petition asks for, cannot be added to the claim of $7500, so as to give the Supreme Court jurisdiction over the appeal.

Appeal from Butler Circuit Court.—*Hon. Jesse C. Sheppard,* Judge.

TRANSFERRED TO SPRINGFIELD COURT OF APPEALS.

*E. R. Lentz* for appellants.

*R. T. Railey* for respondent.

GANTT, P. J.—This action was brought by the plaintiffs to recover damages for the violation, by the defendant, of sections 1133 and 1134, Revised Statutes 1899, and for the triple damages allowed by section 1140 of the same statute.

The petition alleges that during all the time from March 20, 1896, to March 20, 1899, the plaintiffs were partners doing a general merchandise business at Poplar Bluff, Missouri, under the firm name and style of Cohn & Pelz; that defendant was during the same time the owner of, and controlling and operating, a line of railroad from the city of St. Louis, in the State of Missouri, to Bird's' Point, Missouri. That Poplar Bluff is a station on defendants' line of railroad, and is located 166 miles south of said city of St. Louis; that Dexter, Essex, Gray's Ridge, Morehouse, Sikeston and Charleston are all stations on defendant's said line of railroad, all in the State of Missouri, all located at a greater distance from the said city of St. Louis than is Poplar Bluff. That during all the said time the defendant held itself out as a common carrier of freight and passengers for hire. That during all the time from March 20, 1896, to March 20, 1899, the rate of freight as published and proclaimed by its schedule or tariff of rates

from St. Louis to Poplar Bluff, and which plaintiffs were compelled to and did pay on all shipments of freight from St. Louis to Poplar Bluff, was on the four classes of freight as follows, to-wit: On first class 75 cents, second class 58 cents, third class 50 cents, and fourth class 40 cents, per hundred pounds. During the same time plaintiffs received freight at Poplar Bluff and paid said tariff rates of the various classes of freight as follows, to-wit: Of first class 183,042 pounds, of second class 38,140 pounds, of third class 173,615 pounds, and of fourth class 183,231 pounds. During the same time the defendant made and promulgated its freight tariff rates to Dexter, Essex, Gray's Ridge, Morehouse, Sikeston and Charleston and persons doing business at the last above named places were actually charged on shipments from St. Louis to the last above named places at the rate of 50 cents for first class, 35 cents for second class, 30 cents for third class and 25 cents for fourth class per hundred pounds, thus discriminating against these plaintiffs as individuals and against Poplar Bluff as a location by compelling payment of 25 cents on first class, 23 cents on second class, 20 cents on third class, and 15 cents on fourth class per hundred pounds in excess of the rates at the same time charged and demanded of and from persons doing business at the last above mentioned points, notwithstanding all of the said last named places are located on defendant's said line of railroad, all in the same general direction from and located at a greater distance from St. Louis than is Poplar Bluff.

The petition charges an unlawful discrimination against these plaintiffs as individuals and against Poplar Bluff as a locality, as the same is prohibited in section 1133, Revised Statutes 1899.

The second count of the petition charges the unlawful violation of section 1134, Revised Statutes 1899, by charging a greater compensation in the aggregate

for the transportation of the plaintiff's goods the shorter distance from St. Louis to Poplar Bluff than it at the same time charges for the longer distance from St. Louis to other places named for the transportation of the same classes of goods. In both counts, it is alleged that all goods of the classes named, shipped from St. Louis to Dexter and other places named, were shipped through Poplar Bluff. Both counts allege, that, as a further discrimination against these plaintiffs as individuals and against Poplar Bluff as a locality during all the time aforesaid, the defendant did allow and pay to its patrons doing business at the last above named places a rebate from six to ten cents per hundred pounds and on all classes of freight shipped to and delivered by it to the last above named places.

The defendant in its answer admits the discrimination as alleged in the petition, but justifies the said discrimination by alleging that the circumstances and conditions existing at Poplar Bluff are dissimilar to those conditions existing at Dexter and the other places named. The replication denied all the new matter contained in the answer.

The cause was referred to D. R. Thomason as referee, who heard the testimony and made his report giving his findings of facts and conclusions of law separately. The referee found the facts substantially the same as charged in the petition, and that the defendant had charged the plaintiffs in excess of the rate charged to the other points named in the petition, on the various classes of freight, $806.61. He also found that the defendant had allowed merchants at Dexter rebates. Upon the coming in of the referee's report, plaintiffs in their brief say they accepted the findings of facts as practically correct insofar as the referee made any findings in relation thereto, but they filed their exceptions to the conclusions of law drawn by the referee from the facts found by him, and also filed a motion for judgment on the facts found by the referee. These

exceptions to the conclusions of law as found by the referee and the motion for judgment, were both overruled and judgment was entered for the defendant. Plaintiffs duly saved their exceptions to the overruling of their exceptions and their motion for judgment and in due time filed their motion for a new trial, which being overruled they excepted and have brought the case to this court on appeal.

I. This action was originally brought and judgment rendered in the circuit court in 1900. The prayer of the petition was for $2500 damages, and that the same be tripled as provided by section 1140, Revised Statutes 1899, and for a reasonable attorney's fee to be assessed as costs. An appeal was taken to the St. Louis Court of Appeals and by that court transferred to this court, because the amount claimed by the plaintiffs in their petition was held to govern the jurisdiction of the court, because the judgment was for the defendant upon a demurrer to the petition. The Court of Appeals transferred the cause to this court on the ground that it had no jurisdiction, because the amount involved exceeded $2500, and this court retained jurisdiction of the cause and reversed the judgment and remanded the cause for a new trial. The opinion rendered in the cause at that time is reported in 181 Mo. 30. In that opinion it was held that the petition stated a good cause of action for the violation by the defendant of sections 1133, 1134 and 1140; after the cause was remanded as already noted, the defendant filed its answer and justified its discrimination as therein pleaded. This court obtained jurisdiction on the former appeal for the reason that at the time the jurisdiction of the Court of Appeals was limited to cases in which the amount in dispute did not exceed $2500, and inasmuch as the plaintiff's petition prayed for at least $7500, and the judgment was for the defendant, obviously this court had no jurisdiction, but since our juris-

diction could also have been sustained upon the Act of 1901, by which the Court of Appeals was given jurisdiction where the amount in dispute did not exceed $4500, the question of the jurisdiction of this court of this appeal presents itself at the threshold.

The petition remains just as it was when the suit was originally brought in 1900, and the allegation is that the plaintiffs have been damaged in the sum of $2500, and the prayer for judgment is for three times the said amount, or, $7500, and for a reasonable attorney's fee to be assessed as costs. At the time this appeal was taken, April 12, 1906, this court would have had jurisdiction of this appeal, but by an act of the General Assembly, approved June 12, 1909, it is provided: "The various courts of appeals of Missouri shall have jurisdiction of appeals and writs of error in all cases where the amount in dispute, exclusive of costs, shall not exceed the sum of $7500. All cases now pending in the Supreme Court, which have not been submitted, and which by the provisions of this act come within the jurisdiction of said courts of appeals, shall be certified and transferred to the proper courts of appeals, to be heard and determined by them." Now this case had not been submitted to this court at the date of the passage of that act, but was submitted on October 18, 1909, and therefore, if it comes within the provisions of that act, this appeal should be transferred to the Court of Appeals. It is obvious that if we take the most favorable view of the case, to-wit, that plaintiffs' claim of triple damages shall be taken as fixing the amount in dispute, it could only be $7500 exclusive of costs. While it is true that the petition prays "For a reasonable attorney's fee to be assessed as costs," we think the very terms of the statutes exclude costs, and it was perfectly competent for the Legislature to designate the attorneys' fee under these circumstances as costs, and hence the prayer for the attorney's fee would not enlarge the amount in dispute. And there-

fore it must be held that the amount in dispute exclusive of costs does not exceed the sum of $7500, and, unless there is some other ground upon which the jurisdiction of this court can rest, the cause should be transferred to the Springfield Court of Appeals.

Looking further into the record, we have been unable to find that any constitutional question was raised in the circuit court and decided adversely to the plaintiffs and appellants. Indeed, as far as we can gather from the recitals of the record, it was simply a construction of sections 1133 and 1134 of the Revised Statutes of 1899, and neither side assailed the constitutionality of either of said sections.

As the shipment was wholly within the State, no Federal question as to interstate commerce was raised or decided.

In view of the foregoing facts, the cause must be transferred to the Springfield Court of Appeals, and it is so ordered. *Burgess* and *Fox, JJ.*, concur.