MISSOURI PACIFIC RAILROAD COMPANY *v.* KIRTEN GRAVEL COMPANY.

Opinion delivered December 21, 1931.

R. E. *Wiley* and *Henry Donham*, for appellant.

*Rose, Hemingway, Cantrell & Loughborough* and *J. W. Barron*, for appellee.

HUMPHREYS, J. This is a suit for double damages in the sum of $3,000 sounding in tort by appellee against appellant, a common carrier, for discrimination between appellee and its competitors, similarly situated and doing business under like conditions, by allowing said competitors rebates or absorptions of $2.50 per car on intrastate shipments of gravel from their respective pits for switching cars to and from their pits to the track of appellant, and refusing to allow it like rebates or absorptions on cars shipped from its pit for similar services rendered by it, in violation of §§ 848, 849, and 1007, of Crawford & Moses' Digest, and § 917 as amended by act No. 513, approved March 26, 1921. The suit was brought in the circuit court of Pulaski County, and the issues

joined by the pleadings were whether the circuit court had jurisdiction of the cause of action, and, if so, whether appellee and its competitors were similarly situated and doing business under like conditions, and whether the rebates or absorptions allowed its competitors were for substantially the same services rendered by appellee to appellant, and, if so, whether the cause of action was barred by the one year statute of limitations.

It is contended by appellant that the circuit court had no jurisdiction of the action because the rebates it paid to appellee's competitors were fixed by the Railroad Commission for services rendered it in switching their cars to and from their respective pits to the tracks of appellant, and that appellee's remedy, if it had any, was to apply to the Railroad Commission for a cancellation of the order allowing its competitors the rebate or absorptions. This might be true if the suit were an attack upon the allowance or the reasonableness of the allowance for services rendered to appellant by its competitors. The suit presupposes the reasonableness of the allowance for the services thus rendered, and alleges that the refusal to allow it like rebates or absorptions is an unlawful discrimination under the statutes of this State. The question at issue is judicial and not administrative, and is therefore one for determination by the courts, and not by the Railroad Commission. The authority to award reparations for unlawful discriminations of common carriers between shippers has not been conferred upon the Railroad Commission by the Arkansas Legislature as was done by Congress upon the Interstate Commerce Commission. For this reason, the authorities cited by appellant are not in point.

It is also contended that the circuit court had no jurisdiction of this action because the damages sought to be recovered for unlawful discrimination were $2.50 on each car and not sufficient in amount to be originally brought in the circuit court. The suit was for actual damages in the sum of $1,500 and double damages under the statute for unlawful discrimination covering a cer-

tain period of time, and constituted one action. The damages claimed exceeded $100 and were within the jurisdiction of the circuit court. This identical point was adjudged against appellant's contention in the case of *Cohn v. St. L., I. M. & S. R. Co.,* 181 Mo. 30, 79 S. W. 961.

It is also contended by appellant that the trial court both improperly and incorrectly submitted the issues of whether appellee and its competitors were similarly situated, and conducted their business under like conditions; and whether appellee performed substantially the same services as its competitors in switching cars to and from the pits to appellant's main line or shipping point. Appellant argues that it was improper to submit these issues because the undisputed testimony reflects that the situations and business conditions, as well as the services performed by appellee, were different from those of its competitors. We have carefully read the evidence and find it conflicting, and for this reason think it was properly sent to the jury to determine the issues of fact. Appellant argues that the instructions were incorrect in many particulars, but, after a very careful examination of them, we think they correctly charged the law applicable to the facts, and fully present the respective theories of both appellee and appellant. We are unable to see that it could serve any useful purpose to set out the substance of the testimony of each witness and the instructions given and refused.

Appellant also contends that the action of appellee for double damages was barred because not prayed for until more than one year after its action accrued. It is true that appellee did not specifically pray for double damages on account of unlawful discrimination until February 4, 1931, more than a year after its action accrued, and then by amendment to the original complaint; but the original complaint itself alleged the similarity of conditions prevailing at the plant of appellee and its competitors, the absorption allowed the competitors for services similar to those rendered by appellee to appellant, the duty of appellant to make it a similar allowance,

its refusal to do so, together with a prayer for damages, which brought it within the statute allowing double damages to the shipper who had been discriminated against through the process of rebates. The original suit was instituted within a year from the time appellee's action accrued.

Since appellee was entitled to double damages for a violation of the statute, the court correctly allowed appellee's attorney a fee under § 851 of Crawford & Moses' Digest.

No error appearing, the judgment is affirmed.