**Bridget MAYOR (Plaintiff), Respondent,**

**v.**

**Paul MAYOR (Defendant), Appellant.**

**No. 30493.**

St. Louis Court of Appeals.

Missouri.

Nov. 15, 1960.

Samuel Richeson, Dearing, Richeson & Weier, Hillsboro, for appellant.

Jeremiah Nixon, Thurman, Nixon & Blackwell, Hillsboro, for respondent.

WOLFE, Presiding Judge.

This is an action for divorce brought by Bridget Mayor against Paul Mayor. It resulted in the trial court awarding a divorce to the plaintiff, with alimony in gross in the sum of $7,500. The court also ordered a fee to the plaintiff's attorney of $200 and a fee to an appraiser of $50, both of which were ordered taxed as costs. The defendant appealed to this court.

The defendant's contention upon appeal is that the court erred in granting the divorce and $7,500 alimony. He further contends that the sum granted was excessive, but by no stated amount. He further asserts that the court had no jurisdiction to allow the appraiser's fee of $50.

The case was tried and the appeal taken prior to January 1, 1960. Up to that time the monetary limit of our jurisdiction was $7,500 exclusive of costs. Section 477.040 RSMo 1949, V.A.M.S. A new section was passed in 1959 raising our jurisdiction to $15,000, but this did not take effect until January 1, 1960, by virtue of subsection 2 of Senate Bill No. 7 of the 70th General Assembly.

It is apparent that the $7,500 is in dispute, and that if the $50 allowance is not properly taxable as costs, then the total amount in dispute is $7,550 exclusive of costs. This would make the amount in dispute in excess of our jurisdiction at the time the appeal was taken to this court.

The only case that we find touching upon this subject is Cohn and Pelz v. St. Louis, I. M. & S. R. Co., 227 Mo. 369, 131 S.W. 881. In that case an appeal had been taken to the Supreme Court. The court held that it had no jurisdiction and transferred the case to the Springfield Court of Appeals. The amount in controversy was $7,500. In addition to this amount there were attorney's fees to be taxed as costs. The attorney's fees were excluded in reaching the amount in controversy because the action there considered came under Section 1140 RSMo 1899, which provided that in such actions attorney's fees could be assessed as costs. We find no statute authorizing the assessment of appraiser's fees, or attorney's fees for that matter, as costs in a divorce case, and we therefore cannot exclude the sum of $50 from the amount in controversy.

For these reasons the cause is transferred to the Supreme Court, and it is so ordered.

ANDERSON and RUDDY, JJ., concur.